UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MASLUF REALTY CORPORATION, :
 :
                  Plaintiff, :
 : **MEMORANDUM & ORDER**
              -against- : 13-CV-3031 (DLI)(JMA)
 :
MARKEL INSURANCE CORPORATION, :
 :
                  Defendant. :
---------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

        Plaintiff Masluf Realty Corporation ("Masluf") filed the instant action (the "New York Action") against Defendant Markel Insurance Corporation ("MIC"), alleging that MIC had breached an insurance contract it had issued to Masluf in relation to an insurance claim. (*See* Complaint ("Compl."), Dkt. Entry No. 1 ¶¶ 53-68.) However, prior to Plaintiff Masluf filing the instant action, Defendant MIC filed a lawsuit in the Civil Division of the Superior Court of New Jersey in Morris County, based upon the same factual allegations as the instant action, asserting that Masluf submitted false, misleading, and/or fraudulent statements in support of its claim for insurance benefits in violation of New Jersey Insurance Fraud Prevent Act, N.J. Stat. Ann. § 17:33A-1 *et seq*. *See* Markel Ins. Co. v. Masluf Realty Corp., Dkt. No. MRS-L-0024-13 (N.J. Super. Ct. Law Div. Dec. 31, 2012) ("N.J. Compl."). Defendant MIC moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the instant action (*see* Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mem."), Dkt. Entry No. 7-1), which Masluf opposes (*see* Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Pl.'s Opp'n"), Dkt. Entry No. 8). For the reasons set forth more fully below, Defendant MIC's motion is granted. The New Jersey Action was filed first and there are no special circumstances that warrant a departure from the "first-filed" rule.

## BACKGROUND

The facts are taken from the Complaint and are assumed true solely for purposes of the resolution of this motion. Additionally, when appropriate, portions of the facts are taken from other pleadings in this action.

Plaintiff Masluf is a New York corporation that owns a commercial property situated at 171 Market Street, Staten Island, New York 10310 (the "Insured Property"). (Compl. ¶¶ 8, 10, 13.) Defendant MIC is an insurance company, incorporated under the laws of the State of Illinois. (*Id*. ¶ 11.) On May 2, 2010, MIC issued to Masluf an insurance policy (the "Policy") protecting the Insured Property against property loss or damage subject to the terms, conditions, and limitations contained in the Policy. (*Id*. ¶ 14; Def.'s Mem. at 2.)

In February 2011, the Insured Property sustained water damage. (Compl. ¶ 19.) On June 2, 2011, the Insured Property sustained extensive damage due to vandalism. (*Id*. ¶ 20.) On June 24, 2011, Masluf, through its agents, submitted claims to MIC for insurance benefits under the Policy for both the water loss and the vandalism. (*Id*. ¶ 24.) On July 13, 2011, MIC denied coverage for the water loss claim. (*Id*. ¶ 34.) On August 2, 2011, MIC denied coverage for the vandalism claim. (*Id*. ¶ 35.) Shortly thereafter, MIC rescinded its denial of coverage for the vandalism claim and began conducting an investigation of the claim. (*Id*. ¶¶ 36-40; Def.'s Mem. at 2.)

On December 31, 2012, MIC commenced the New Jersey Action against Masluf. (*See* N.J. Compl.) In its complaint, MIC sought damages for violation of the New Jersey Insurance Fraud Prevention Act, N.J. Stat. Ann. § 17:33A-1 *et seq.* and a declaratory judgment that the June 2, 2011 loss was not covered under the Policy. (*Id*. at ¶¶ 38-48.) Five months later, on May 23, 2013, Masluf filed the instant action against MIC seeking a declaratory judgment that the

June 2, 2011 loss was covered under the Policy and seeking damages under New York General Business Law § 349. (Compl. ¶¶ 53-68.) Presently before the Court, is Defendant MIC's motion to dismiss the Complaint.

## DISCUSSION

### I. Applicability of the First-Filed Rule

The resolution of this dispute requires an application of the "first-filed" rule. The "first-filed" rule is a well settled legal doctrine in the Second Circuit, instructing that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat. Bank & Trust Co. v. Simmons*, 878 F. 2d 76, 79 (2d Cir. 1989) (quotations and citations omitted). Proper application of the "first-filed" rule requires that the first and subsequently filed cases have either identical or substantially similar parties and claims. *See Spotless Enters. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006). Importantly, application of the rule does not require identical parties and issues in the cases, but merely requires "substantial overlap." *Id.*; *see also Intema Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) (noting that the "first-filed" rule can be invoked where significant overlapping factual issues exist between the two pending cases).

Here, the facts demonstrate that there is substantial overlap in the factual circumstances and legal issues between the New Jersey Action and the instant New York Action. Both parties agree that the two actions involve the same parties, insurance policy, and underlying conduct. As such, the Court finds that these cases are sufficiently similar to warrant the application of the "first-filed" rule. *See, e.g.*, *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) (applying first-filed rule and dismissing action where there was an ongoing case in

3

another court that involved largely the same parties, the same underlying communications between the parties, and sought relief that resolved the same issues between the parties); *Spotless Enters Inc.*, 415 F. Supp. 2d at 205 (finding "substantial overlap" between two cases involving largely the same parties, patent, allegedly infringing conduct, and legal issues).

Plaintiff Masluf contends that the New Jersey Action should not be considered the "first-filed" action for the following reasons: (1) "service was not effectuated prior to Masluf bringing the" New York Action; (2) "New Jersey does not have personal jurisdiction over Masluf"; and (3) "the New Jersey action likely can not [sic] resolve all of the issues between the parties." (Pl. Opp'n. at 4.) For the following reasons, the Court finds each of the Plaintiff's arguments unpersuasive.

A.   **Service of Process**

Plaintiff Masluf contends that the New York Action takes priority because, even though the New Jersey Action was filed first, MIC did not serve Masluf in the New Jersey Action before the New York Action was filed. (Pl. Opp'n at 4.) The Second Circuit has not addressed directly the question of whether an action is considered "first-filed" for purposes of applying the rule when service of a complaint has not been effected properly prior to the filing and service of the complaint in a second action that involves the same parties and subject matter. Judges within this circuit have reached divergent results in cases in which this issue has arisen. *Compare Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp.*, 616 F. Supp. 114, 118 n.7 (S.D.N.Y. 1984) (mentioning that there is "some support" for the position that jurisdiction over the person rather than the filing of the complaint is controlling for purposes of determining priority, but that the issue has not been definitively decided in this circuit) *with Berisford Capital Corp. v. Central States*, et. al., 677 F. Supp. 220, 221 n.1 (S.D.N.Y. 1988) (rejecting argument that first-served

4

action should be regarded as "first-filed" for purposes of the rule).

One underlying principle present through each of these cases, however, is that mechanical application of rules should not determine the results in such cases. *See Nat'l Patent Dev. Corp.* at 118 ("In the instant situation where each side, after a breakdown in settlement negotiations, engages in a race to the courthouse to achieve 'first filed' status, the courts should be concerned with what the interests of justice require and not with who won the race.") As one court noted, a determination of which complaint was served first is only "a point of slight relevancy." *Brierwood Shoe Corp. v. Sears, Roebuck & Co.*, 479 F. Supp. 563, 568 (S.D.N.Y. 1979). Indeed, an ample degree of discretion is left to district courts in administering multifaceted litigation. *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 893 F. 2d 26, 29 (2d Cir. 1990) ("[T]he decision whether to enjoin the prosecution of litigation subsequently commenced in another district court is 'a matter resting in the discretion of the court." (quoting *National Equip. Rental, Ltd. v. Fowler*, 287 F. 2d 43, 47 (2d Cir. 1961)).

Here, the record evidences several attempts by Plaintiff Masluf to evade service of the New Jersey Complaint. On January 17, 2013, Plaintiff Masluf's counsel orally agreed to accept service of the Summons and Complaint of the New Jersey Action. (*See* Affidavit of George McClellan ("McClellan Aff."), Dkt. Entry No. 12 at ¶ 3.) Pursuant to that agreement, the Summons, Complaint, and an acknowledgement of service were sent to Plaintiff Masluf's counsel on that same date. (*See Id.* at ¶¶ 4-5.) However, on February 6, 2013, Plaintiff Masluf's counsel wrote to Defendant MIC purporting to rescind its prior agreement to accept service,

5

stating that he was "unauthorized to accept service." (*See* Affirmation in Opposition to Defendant's Motion to Dismiss ("Stevenson Affirm."), Dkt. Entry No. 9 at 4.) Despite purporting to have rescinded its prior agreement to accept service, Plaintiff Masluf requested and received an extension of time within which to file an answer and/or counterclaims in the New Jersey Action. (*See* Defendant's Reply Memorandum of Law in Support of Motion to Dismiss ("Def.'s Reply Mem."), Dkt. Entry No. 14 at 3.)

On February 11, 2013, Defendant MIC again requested that Plaintiff Masluf execute the acknowledgement of service, to which Plaintiff did not reply. (*Id*.) Defendant MIC apparently did not learn that Plaintiff Masluf was contesting service of process until it received the Complaint in the New York Action raising that issue. (McClellan Affirm. at ¶ 6.) On July 19, 2013, Defendant MIC attempted to serve Plaintiff Masluf via first class mail and certified mail, return receipt requested, at two addresses in the State of New York which Plaintiff Masluf listed as its corporate headquarters in its insurance application and the location of the Insured Premises. (*Id*. at ¶ 8.) Both mailings were returned as "unclaimed." (*Id*.) On August 7, 2013, Defendant MIC served Plaintiff Masluf at the address that Masluf had listed as its address in the New York Action. (*Id*. at ¶ 9.) Plaintiff Masluf maintains that at the time it commenced the New York Action, Defendant MIC had never served its complaint for the New Jersey Action. (Pl. Opp'n at 4.)

It would be unjust to permit Plaintiff Masluf to benefit from the "first-filed" rule where, but for its success in resisting the effectuation of service, Defendant MIC might have effected service in the New Jersey Action some time ago. *See Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 464 (S.D.N.Y. 2002) (concluding that service of the first-filed complaint after service of the second-filed complaint was irrelevant when the plaintiff that

filed the second complaint did not cooperate with efforts to accept service of the first-filed complaint). The Court therefore rejects Plaintiff Masluf's argument that the New York Action takes priority because it was first-served.

B. **Personal Jurisdiction**

Plaintiff Masluf also argues that it is not subject to personal jurisdiction in New Jersey because it does not own any property in New Jersey or conduct any business in New Jersey. (Pl. Opp'n at 4-5.) However, Plaintiff Masluf's argument is misguided. Personal jurisdiction in New Jersey is proper because the claim arises out of a tort action, specifically insurance fraud, in the State of New Jersey. The Policy in dispute was negotiated and issued in New Jersey. (N.J. Compl. at ¶¶ 9-12; Def.'s Mem. at 4.) The insurance claim in dispute was submitted to MIC's New Jersey Office. (Def.'s Mem. at 4..) It is irrelevant that Plaintiff Masluf is located in New York or that the Insured Property is located in New York. *See, e.g., Halak v. Scovill*, 297 N.J. Super. 363, 370 (N.J. App. Div. 1997) (Party that "commits a tort arising out of a business dispute with a New Jersey resident and has some contacts with New Jersey in connection with that business transaction should reasonably anticipate being sued in New Jersey."). Moreover, if Plaintiff Masluf seeks to argue that New Jersey lacks personal jurisdiction, Plaintiff must do so before the Superior Court of New Jersey or collaterally attack a default judgment in that jurisdiction. *See "R" Best Produce, Inc. v. DiSapio*, 540 F. 3d 115, 123 (2d Cir. 2008).

C. **Resolution of All Issues Between Parties**

According the Plaintiff, the Defendant could potentially have a defense in the New Jersey Action that it does not have in the New York Action. Plaintiff argues that, even if it was subject to personal jurisdiction in New Jersey, the New Jersey Action might not be able to resolve all of the issues between the parties and for that reason, the Court should retain jurisdiction of this

action. Plaintiff provided no legal authority for this proposition. Further, the existence of additional legal defenses does not preclude a determination that the New Jersey Action was first-filed, with priority over the New York action. *See Spotless Enters. Inc.*, 415 F. Supp. 2d at 205; *Intema Ltd.*, 654 F. Supp. 2d at 141.

## II. Balance of Conveniences

Plaintiff Masluf also argues that the balances of the conveniences favor New York as the appropriate forum to resolve the dispute and therefore the Complaint should not be dismissed. (Pl. Opp'n at 5-7.). To determine whether the "first-filed" rule should be set aside in the interest of justice, the Court weighs the same nine factors as in deciding a motion to change venue under 28 U.S.C. § 1404(a). *See, e.g., GlycoBioSciences, Inc. v. Nycomed US, Inc.*, 2012 WL 540928, at *4 (E.D.N.Y. Feb. 15, 2012). The criteria include: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the district court's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 248-49 (E.D.N.Y. 2012). The Court must balance each one of these factors, none of which is singly dispositive. *See Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 948 (E.D.N.Y. 1994).

As to the convenience of the witnesses, although the principals and manager of the Insured Property reside in New York, several of the actual witnesses who will provide probative testimony of the *insurance fraud* reside in New Jersey. (*See* Def.'s Reply Mem. at 4.) This key distinction is also reflected in considering the locus of operative facts, the location of the

evidence, the availability of process to compel attendance of unwilling witnesses, and the forum's familiarity with the governing law. The controversy revolves around allegedly false, misleading, and fraudulent statements made by Plaintiff Masluf's New Jersey based agents to Defendant MIC's New Jersey based agent in New Jersey. Even though some of the evidence or witnesses may be located in New York, Plaintiff has failed to demonstrate that there will be significant inconvenience to witnesses or the parties from having to travel from New York to New Jersey, two contiguous states.

A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless other factors weigh strongly in favor of transfer. *Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 176-78 (E.D.N.Y. 2003). Here, however, because the "first-filed" rule favors litigation in the forum in which the first suit is brought, in this case the New Jersey Action, it is *Defendant MIC's* choice of forum which should be entitled to considerable weight rather than Plaintiff Masluf's choice of forum. *See Wyler-Wittenberg* at 249.

Plaintiff Masluf also asserts that the relative means of the parties favors New York. Although Plaintiff Masluf, too, is a corporation, it alleges that it is in fact a small family-owned real estate company and in contrast, Defendant MIC is a national insurance corporation located across several states. (Pl. Opp. at 7.) However, Plaintiff has not introduced any significant evidence that it lacks the financial resources to properly litigate in New Jersey as opposed to New York. *See Rindfleisch v. Gentiva Health Sys.*, Inc., 752 F. Supp. 2d 246, 260 (E.D.N.Y. 2010); *Quan v. Computer Scis. Corp.*, 2008 WL 89679 at *7 (E.D.N.Y. Jan. 7, 2008) ("Absent any information demonstrating that the plaintiffs would be financially prejudiced by having to litigate in California, [the "relative means of the parties"] factor adds nothing to my analysis.");

*contrast with EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 355 (E.D.N.Y. 2012) (Plaintiff successfully alleges that the relative means of the parties favors them despite the fact that both parties are corporations because of the vastly disparate size of the two companies). Therefore, the Court does not find that the relative means of the parties carries any significant weight.

Lastly, Plaintiff Masluf asserts that it will be prejudiced if the Court were to dismiss the instant New York Action, because extensions to a two-year time bar contained in the Policy have expired. This factor does not favor either forum. Defendant MIC has indicated that it will raise this defense in either action. Trial efficiency and interests of justice do not favor either forum over the other.

Under these facts and circumstances, the Court finds that the balance of conveniences does not justify departing from the "first-filed" rule. Because the New Jersey Action was filed before the New York Action, Defendant MIC's motion to dismiss is granted. The parties shall continue to litigate their claims in the "first-filed" New Jersey Action.

## CONCLUSION

For the reasons stated above, Defendant MIC's motion is granted and the complaint is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
      March 27, 2014

/s/
DORA L. IRIZARRY
United States District Judge